# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PATRICK DEANGELO BRINSON,  )
                            )
    Petitioner,            )
                            )
v.                          )    Case No. CV410-289
                            )
JACK KOON,                  )
                            )
    Respondent.            )

## REPORT AND RECOMMENDATION

Using a 28 U.S.C. § 2254 form petition, Patrick DeAngelo Brinson[1] moves this Court for leave to file it *in forma pauperis*. Doc. 2. The Court **GRANTS** that motion, as he is indigent. In reviewing his petition, however, the Court concludes that it must be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings.

---

[1] Attached is Brinson's Georgia Department of Corrections print-out. The DOC's website reveals two different inmates named Patrick Brinson. To cut down on confusion, the Court has amended the above caption to include Brinson's middle name. The Clerk shall amend the docket caption accordingly; all subsequent filings shall conform.

Brinson complains that he was sentenced to 15 years (serve 5) in 2005 and was paroled in 2007. Doc. 1 at 6. However, he says he

> received another charge of forgery in [F]loyd county in 2008. I rec[e]ived a 2 year plea and served the entire sentence. I was later sentenced to 2 year probation revocation in 2010 for a charge I was sentenced to and served in 2008. I was not on probation yet as my 5 years did not expire until 2010. Also I've already been punished for the reason that my probation [was revoked].

Doc. 1 at 6.

While that recitation suffers from clarity problems, Brinson invokes "Double Jeopardy" as his sole ground for relief. *Id.* He says his probation was revoked on October 29, 2010 and he "appealed" to the Bryan County Superior Court *by sending it a letter* that was sent back to him on November 15, 2010. Doc. 1 at 3. He does not indicate whether he has sought relief in any Georgia appellate court. *Id.*[2]

Still, Brinson "may yet receive relief from the court that revoked his

---

[2] If in fact he did not appeal the probation revocation, then his conviction became final when his time for filing a notice of appeal with the Georgia Court of Appeals expired. *Colbert v. Head,* 146 F. App'x 340, 341 (11th Cir. 2005). That means his conviction would become final on November 30, 2010, which is thirty days (plus exclusion of two weekend days) after his October 29, 2010 probation revocation. *See* O.C.G.A. § 5-6-38 (allowing 30 days after entry of judgment for an appeal). *Jones v. Booker,* 2010 WL 3604754 at * 2 n. 2 (S.D.Ga. Aug. 19, 2010). While he had no automatic right to a direct appeal, he could have pursued a discretionary appeal, which was governed by the thirty day deadline set out in O.C.G.A. § 5-6-35. *Powell v. Railey,* 2010 WL 2867854 at * 1 (M.D. Ga. Jun. 22, 2010).

probation, and he has an available state remedy that he has failed to pursue; he can submit an application for a writ of habeas corpus pursuant to O.C.G.A. § 9-14-42 et seq. to the state courts." *Plummer v. FNU Parsons*, 2010 WL 3362638 at * 3 (S.D. Ga. Jul. 29, 2010); *see also Herring v. Camon*, 2010 WL 5138860 at * 2 (S.D. Ga. Nov. 15, 2010) (advising dismissal without prejudice to habeas petitioner's challenge to outcome of a probation revocation hearing; he failed to exhaust his state remedies, and under *Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009), there was no basis for challenging defects in state collateral proceedings), *adopted*, 2010 WL 5138844 (S.D. Ga. Dec. 10, 2010); *Jackson v. Brown*, 2010 WL 2104194 (M.D. Ga. Apr. 15, 2010); *Reese v. Lanier*, 2010 WL 149890 at * 1 (M.D. Ga. Jan. 13, 2010).

Brinson's claims therefore must be dismissed on exhaustion grounds. Also, they may be deemed procedurally defaulted should he later present them, since it appears that he has failed to timely present them to the state courts. *See Waller v. Washington*, 2010 WL 2942667 at * 2 (M.D. Ga. Jun. 9, 2010). And on top of all that, the double jeopardy clause does not extend to parole and probation revocation proceedings.

*United States v. v. Whitney,* 649 F.2d 296, 298 (5th Cir. Unit B 1981); *United States v. Brown*, 186 F. App'x 914, 918 (11th Cir. 2006).

Patrick DeAngelo Brinson's 28 U.S.C. § 2254 petition therefore should be must be **DISMISSED WITHOUT PREJUDICE**. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  7th  day of January, 2011.

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

4



**PHYSICAL DESCRIPTION**
YOB: 1982
RACE: BLACK
GENDER: MALE
HEIGHT: 6'01"
WEIGHT: 185
EYE COLOR: UNKNOWN
HAIR COLOR: UNKNOWN

**SCARS, MARKS, TATTOOS**

**INCARCERATION DETAILS**
MAJOR OFFENSE: BURGLARY
MOST RECENT INSTITUTION: COASTAL STATE PRISON
MAX POSSIBLE RELEASE DATE: 09/29/2012 Important Release Information
TENTATIVE PAROLE MONTH: N/A
ACTUAL RELEASE DATE: CURRENTLY SERVING
CURRENT STATUS: ACTIVE

**KNOWN ALIASES**
A.K.A.      BRINSON, PATRICK DEANGELO

**STATE OF GEORGIA - CURRENT SENTENCES**
CASE NO: 727088
OFFENSE: THEFT BY TAKING
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 09/30/2003
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS
CASE NO: 727088
OFFENSE: BURGLARY
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 05/24/2003
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 727088
OFFENSE: BURGLARY
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 03/15/2003
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS

**STATE OF GEORGIA - PRIOR SENTENCES**

CASE NO: 549515
OFFENSE: FORGERY 1ST DEGREE
CONVICTION COUNTY: FLOYD COUNTY
CRIME COMMIT DATE: 03/29/2008
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: FORGERY 1ST DEGREE
CONVICTION COUNTY: FLOYD COUNTY
CRIME COMMIT DATE: 03/25/2008
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: THEFT BY TAKING
CONVICTION COUNTY: CHATHAM COUNTY
CRIME COMMIT DATE: 11/03/2003
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: ROBBERY
CONVICTION COUNTY: EFFINGHAM COUNTY
CRIME COMMIT DATE: 10/26/2003
SENTENCE LENGTH: 2 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: THEFT BY TAKING
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 09/30/2003
SENTENCE LENGTH: 5 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: BURGLARY
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 05/24/2003
SENTENCE LENGTH: 5 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: CRMNL INTERFERE GOVT PROP
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 05/24/2003
SENTENCE LENGTH: 5 YEARS, 0 MONTHS, 0 DAYS

CASE NO: 549515
OFFENSE: BURGLARY
CONVICTION COUNTY: BRYAN COUNTY
CRIME COMMIT DATE: 03/15/2003
SENTENCE LENGTH: 5 YEARS, 0 MONTHS, 0 DAYS

**STATE OF GEORGIA - INCARCERATION HISTORY**

| INCARCERATION BEGIN | INCARCERATION END |
|---|---|
| 11/23/2010 | ACTIVE |
| 06/05/2008 | 04/06/2010 |
| 06/01/2004 | 04/03/2007 |

Site Map
Privacy
Links
Contact Us
Help